IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ ) | | |
| COSTANOAN INDIAN ) | | |
|      RESEARCH INC.; ) | | |
| KANYON SAYERS-ROODS, ) | | |
|      POWER OF ATTORNEY FOR ) | | |
|      ANN-MARIE SAYERS ) | | |
|      Plaintiffs ) | COMPLAINT | |
|   ) | | |
|   ) | | |
| v. ) | | |
|   ) | | |
| MARLENE RITA MACHADO ) | | |
|      Defendant ) | | |
| _____ ) | | |

**COMPLAINT**

Plaintiffs, through its undersigned attorney, for its complaint against Defendant, alleging the following based upon personal knowledge as to itself and its own acts, and information and belief as to all other matters based upon, *inter alia,* an investigation conducted by itself and through their attorney.

## <u>INTRODUCTION</u>

1.     This action is for declaratory and injunction relief by Plaintiff Costanoan Indian Research, Inc., ("CIR"), a non-profit organization formed under the laws of the State of California that is majority owned and controlled by members of the Indian Canyon Chualar Tribe of Costanoan-Ohlone People ("Tribe") (Exhibit A) and Kanyon Sayers-Roods Power of Attorney for Ann-Marie Sayers ("Sayers"), against Defendant Marlene Rita Machado ("Machado") for tortious interference, trespassing, willful and neglectful conduct, personal and property damage, in violation and trespass of the CIRs ability to operate the "Native American Cultural Center", as

well as the trust lands to Ann-Marie Sayers, an Indian of the Costanoan Tribe, whereby Ann-Marie Sayers was entitled to a trust patent by the United States Department of the Interior, Bureau of Indian Affairs  ("Indian Country"), whereby such trust patent covers land described as Mount Diablo Meridian, California (T.14 S., R. 5 E., sec. 24, lots 1, 2, and 3) ("Indian Canyon") (Exhibit B).

2.     The actions of Defendant Machado interfere with the operations of Plaintiffs and violate the tribal band ordinance codes under the Constitution of Chualar Indians of Indian Canyon (Exhibit C) and federal common law relating to the inherent authority of a tribe to police non-Indian visitors to trust lands.  Defendant Machado is not a members of the Tribe and is not an officer, employee, or agent of the CIR.

3.     Plaintiffs are seeking an Order declaring that Defendant Machado is interfering in Plaintiffs operations which were created under the trust patent in ¶. 2 above, as well as interfering in the Chualar-Costanoan Indians' inherent authority to taken action, defined by federal law, against non-Indians on perpetrators on Indian lands.  Federal law establishes that tribes have an inherent authority over non-Indians on tribal lands to stop, restrain, detain, investigate violations of tribal, state, and federal laws, and deliver or transport non-Indians to the proper authorities.  *Duro v. Reina*, 495 U.S. 676 (1990).   Plaintiffs had previously informed Defendant Machado verbally, followed by issuance of Cease and Desist Letter, to stop interfering with operations, as well as violations while on the land entrusted to Ann-Marie Sayers which are now being enforced under Power of Attorney by Kanyon Sayers-Roods (Exhibit D).

4.     During 2016, Defendant Machado began residing in Indian Canyon.  When

attending various CIR and/or Chualar-Costanoan Indian Tribe meetings, Defendant Machado made abrupt and violent outburst which interrupted the proceedings ("Affidavit of Charles Heinz", ¶¶. 22-23).

5.     During 2017, Defendant Machado interfered with the rural route mailbox used by CIR at Indian Canyon Ranch, 1 Indian Canyon Road, Hollister, CA 95023 by intercepting mail items (Heinz Affidavit at para. 21).

6.     In or about March 2022, Plaintiff Kanyon Sayers-Roods Power of Attorney for Anne-Marie Sayers, who contemporaneously serves in the capacity of CIR's chief executive officer and Tribe's chairperson, was estopped from collecting mail addressed to the CIR, as well as being estopped from updating mailbox user records at the U.S. Post Office due to intentional conduct by Defedant Machado, resulting in obstructing the receipt of mail from the Internal Revenue Service, the Secretary of State, and the Franchise Tax Board) (Heinz Affidavit at ¶. 20).

7.     On or about April 23, 2022 at the location of 1 Indian Canyon Road, Defendant Machado verbally and physically assaulted CIR and Tribal security-volunteers using her fists as well as one of the Tribe's ceremonial stones (Heinz Affidavit at ¶. 16).

8.     Defendant Machado's continuing actions threatens the CIR's and Tribe's ability to maintain peace and security on the trusted lands, as well as successfully and efficiently adhere to the purpose of the CIR.

9.   Defendant Machado is violating federal common law that holds that tribes have an inherent authority to stop non-Indians from undesirable behavior and to exclude from Indian lands.  Without this Court's intervention and granting of tribal relief, Plaintiffs' ability to ensure public safety on its lands will continue to be threatened, and exposes innocent parties to unnecessary risk. *Merrion v. Jicarilla Apache Tribe*, 455 U.S. 130 (1982).

## JURISDICTION

10.   This Court's jurisdiction is based upon the following:

      a.   28 U.S.C. §1331, in that Plaintiffs' claims arise under the Constitution and laws of the United States, including but not limited to 18 U.S.C. §1151;

      b.   28 U.S.C. §1362 in that the Plaintiffs' reside on federally-recognized lands entrusted to Indian Ann-Marie Sayers and Sayers's great-grandfather Sebastian Garcia of the Chualar Indian Tribe, whereby Plaintiff Kanyon Sayers-Roods is operating under Power of Attorney;

      c.   28 U.S.C. §§2201 and 2202, in that Plaintiffs seek declaration that it has the right and authority to investigate violations of tribal, state, and federal laws by non-Indian Defendant Machado on the trust lands as well as remove non-Indian Defendant Machado from the trust lands, and injunctive relief preventing Defendant Machado from future interference with Plaintiffs' operations and properties.

## VENUE

11.   Venue is proper in the District Court for the District of Columbia under 28 U.S.C. §1391(e) because the Secretary of the Interior resides in this district and the Act giving rise to the trust land held by Chuluar-Costanoan Indian Ann-Marie Sayers and Chuluar-Costanoan Indian Sebastian Garcia (Ann-Marie Sayers's great grandfather), occurred in this district (25 U.S.C. 334 (1887)).

## PARTIES

12.     Costanoan Indian Research Inc. ("CIR") is a non-profit corporation held under the California Secretary of State, under 501(c)3 status as a charitable organization since 1985. Since the corporation's inception, the corporation has held a headquarters at Indian Canyon Ranch, 1 Indian Canyon Road at Township 14 South of Range 5 East of the Mount Diablo Meridian, Hollister (city), San Benito County, California 95024.  The CIR's founder, Ann-Marie Sayers, and two of the four directors of this corporation are members of the Indian Canyon Chualar Tribe of Costanoan-Ohlone People ("Tribe").

Kanyon Sayers-Roods is a member of Tribe, and the Chair and Chief Executive Officer of CIR, whereby she holds Power of Attorney for patent trust holder Ann-Marie Sayers (Exhibit E). Power of Attorney includes the ability to litigate on behalf of Tribe Indian Ann-Marie Sayers.

13.     Defendant Machado currently resides lives in a *teepee* (conical tent) within the limits of the land trust of located at Indian Canyon Ranch, where Plaintiff CIR and tribal activities occur. On information and belief, Defendant Machado owns a Chevy Avalanche (the early 2000s) and a fifth-wheel-hitch trailer that stays with her while residing in Indian Canyon Ranch.  Defendant Machado is not a member of the Tribe, nor an officer, director, employee or agent of CIR.

## BACKGROUND FACTS

14.     On information and belief, in or about 2016, Defendant Machado, a private citizen began visiting Indian Canyon per CIR official Ann-Marie Sayers's invitation. Eventually Defendant Machacho began to reside at Indian Canyon, and serve as an unofficial caregiver to

Ms. Sayers. However, at no time was Machado a member or employee of the Chualar-Costanoan Tribe, or Costanoan Indian Research Inc., notwithstanding many times she was present at Sayers's cabin house located at 1 Indian Canyon Road, wherewith Plaintiff CIR held its main office since 1985.

15.     On further information and belief, on or about October 2021, Plaintiff CIR was suspended by the California Franchise Tax Board, California Attorney General, and California Secretary of State from conducting commerce within the State of California. However, since Defendant Machado would frequently check the incoming mail (on behalf of Ann-Marie Sayers), sent a post office box at a USPS branch in Hollister, California, held under CIR officer Kanyon Sayers-Roods's name (with Costanoan Indian Research and CIR director/registered agent Ann-Marie Sayers as listed names of additional, authorized mail recipient), these delinquency and violation notices from the state government officials were not received or answered until in or about March 2022, upon Plaintiff CIR's in-house counsel Cary Peterson conducting due diligence on this matter, and working with CIR's CPA Haroon Imtiaz to cure the negative issues that caused Plaintiff CIR to be exposed to irreparable harm or damage. Thus, before a finding of suspension status by Plaintiff CIR's counsel and CPA, Plaintiff CIR had been conducting commerce from the date that state officials issued the suspension notice since the corporation hadn't received any of these critical notices in the mail sent to Indian Canyon's rural route mailbox, or post office box, whereby Defendant Machado had access to at all times from in or about 2020 through the present.

16.     On information and belief, from 2016 through the present, Defendant Machado has made abrupt and violent outbursts during Plaintiffs' meetings held at the cabin house (CIR's main office) located at 1 Indian Canyon Road, Hollister, California.

6

17.     On information and belief, in or about March 2022, CIR held a meeting among corporate officers and Tribe observers, wherein an intervention was held to confront Defendant Machado about her aggressive and violent behavior toward CIR officials and Tribe members; and amid CIR and Tribe meetings held at Ms. Sayers's cabin home at 1 Indian Canyon Road, Hollister, California. The intervention resulted in Tribe members and CIR officers asking Defendant Machado to leave Indian Canyon. Whereas, Defendant Machado refused to act on this request- telling CIR officials, "I'm not going nowhere!" (Affidavit of Cary Peterson).

18.     On or about March 8, 2022, Plaintiff CIR issued a Cease and Desist to Defendant Machado (Exhibit D). This legal notice demanded that she depart from Indian Canyon due to violations of the Tribal Land Program Statement on Regulation and Policy under the Chualar-Costanoan Tribe Constitution. Whereas, at no time did Defendant Machado act on this legal demand issued by Plaintiff CIR.

19.     On information and belief, on or about March 18, 2022, CIR's President Kanyon Sayers-Roods was refused by the U.S. Post Office (USPS Branch Office at 100 Maple St, Hollister, CA 95023) the right to (1) collect mail addressed to CIR and CIR officials; and (2) the right to update postal mailbox user profile information, despite me being the authorized user of this mailbox (since in or about 2018), due to misleading conduct induced by Marlene Machado. This obstruction of CIR's mail from various government agencies (e.g., Internal Revenue Service, California Secretary of State, California Franchise Tax Board) caused CIR to be sanctioned, fined, and suspended from conducting commerce in the State of California from in or about October 2021 until in or about April 2022, after which CIR's general counsel and CPA remedying the issues with the government agencies mentioned above in this section.

20.     On information and belief, from about 2018 through the present, Ms. Machado has habitually interfered with the rural route mailbox provided to Indian Canyon Ranch ("Indian Country"), where CIR receives incoming mail items sent to 1 Indian Canyon Road, Hollister, CA 95023. This has resulted in important notices sent from government agencies to Plaintiff CIR to not be received by CIR officials. Additionally, Machado has been known to steal cash donations given to Plaintiff CIR from donors who send monies to CIR's business address.

21.     On information and belief, on or about April 23, 2022, Plaintiff CIR's President-CEO Kanyon Sayers-Roods decreed that Tribe voluntary staff and CIR officials come with her to Indian Canyon to 'rescue' her mother from Defendant Machado, who had been obstructing Ms. Sayers-Roods and Ann-Marie Sayers's health care Power-of-Attorney Charles (Exhibit F) from taking Ann-Marie Sayers's to the hospital for a wellness check upon several months under the supervision of the former power-of-attorney agent (before Charles Heinz) who had seemingly neglected to do so during the time he was under contract as Sayers's POA agent. Moreover, CIR officers Sayers-Roods, Bishop, and Heinz had been told by Defendant Machado and other Indian Canyon visitors that Ms. Sayers had fallen from losing her balance while intoxicated on one or more occasions and could have potentially broken her arm or hit her head.

22.     On information and belief, on April 23, 2022, at around 11:45 a.m., at 1 Indian Canyon Road, Defendant Machado had verbally and physically assaulted CIR and Tribe voluntary security staff members with her fists, and an *Abalone* tribal ceremonial stone (property of Tribe under *Federal Indian Law of United States Department of the Interior (Bennett-Seaton, 2008)* at pp. 32, 392, 440, 583, 590, 638) used as a weapon amid CIR and Tribe official(s) taking Ann-Marie Sayers to the hospital for a wellness check. Hence, this sacred ceremonial stone of Chualar-Costanoan Tribe was misused as a weapon by Defendant Machado and broke upon

impact against CIR-Tribe staff members. Defendant Machado's physical assault, which was videotaped by a Tribe volunteer, took place while two CIR and Tribe staff members had formed a body shield in an attempt to prevent Machado from attacking CIR President and Tribe Chairwoman Sayers-Roods, and a Tribe-CIR staff member (Lee Kuck) assisting Sayers-Roods with Ann-Marie Sayers in a wheelchair, in efforts to safely get her into Heinz's car.

23.     On or about April 23, 2022, Tribe volunteer Nichole Rhodes filed a police report with the San Benito County Sheriff regarding Defendant Machado's physical assault on her while she was in Indian Canyon [Police Report No. BG200424]. And, at CIR President Sayers-Roods's behest, CIR-Tribe's in-house counsel and chief advisor Cary Peterson sent an email to the Bureau of Indian Affairs, California Attorney General, San Benito County Social Services, San Benito County Sheriff, and CIR's court attorney Robert DeWitty, reporting on the April 23 incident involving Machado's trespass and physical assault on Tribe staff at Plaintiff CIR's headquarters at 1 Indian Canyon Road, while CIR-Tribe officials were trying to take CIR Founder-Director Ann-Marie Sayers to a local hospital's emergency room that Sunday afternoon.

## CAUSE OF ACTION

24.     Plaintiffs reallege each of the allegations set forth in paragraphs 1-24 above and by this reference, incorporates each such allegation as if set forth in full.

25.     Federal law establishes that tribes, as sovereign entities, have inherent authority to establish their own laws and to enforce those laws on lands, including trust lands. *Ortiz-Barraza v. United States,* 512 F.2d 1176 (1975); *Merrion v. Jicarilla Apache Tribe*, 455 U.S. 130, 134 (1982) ("The fact that the Jicarilla Apache Reservation was established by Executive Order rather than by treaty or statute does not affect [the] analysis; the Tribe's sovereign power is not

affected by the manner in which its reservation was created").  Tribal inherent authority includes the right to exclude non-Indians from their lands.

26.     The Supreme Court has held that no person is free to act without impunity on tribal lands and that:

> "Tribal law enforcement authorities have the power to *restrain* those who disturb public order on the reservation, and if necessary, to eject them.  Where jurisdiction to try and punish an offender rests outside the tribe, tribal officers may exercise their power to *detain* the offender and transport him to the proper authorities." *Duro v. Reina,* 495 U.S. 676, 697 (1990) (Emphasis added).

27.     It has been found by courts that tribes have the power to exclude non-Indian state and federal violators from tribal lands.  *Ortiz-Barraza v. United States,* 512 F.2d at 1180.

28.     Defendant Machado's continually residing on land entrusted to Indian Ann-Marie Sayers is a violation of federal common law, as well as a violation of tribal law.

29.     Defendant Machado continual actions while on the entrusted land will cause a direct and immediate interference with operations of the CIR and Chualar Indians of Indian Canyon, and serves as a further violation of federal common law, notably Plaintiffs' sovereign authority to provide public safety on the trust lands.

## **PRAYER FOR RELIEF**

Pursuant to the foregoing, Plaintiffs pray the Court grant the following relief:

30.     A declaration that Plaintiff Kanyon Sayers-Roods Power of Attorney for Ann-Marie Sayers has the authority to remove non-Chualar-Costanoan Indians on the trust lands as well as refuse entry to non-Chualar-Costanoan Indians to the trust lands.

31.     A declaration that Defendant Machado's actions of participating in Chualar-Costanoan Indian and CIR meetings held on the trust lands without the permission of the Chualar-Costanoan Indians of Indian Canyon permission is a violation of federal common law and directly interferes with the Chualar-Costanoan Indians of Indian Canyon inherent authority to protect public safety while on the trust lands.

32.     A declaration that Chualar-Costanoan Indians of Indian Canyon have the authority on trust lands to investigate violations of tribal, state, and federal law, as well as detain and transport, or deliver, a non-Chualar-Costanoan Indian violator to the proper authorities.

33.     That Defendant Machado be enjoined from visiting, camping, or residing on the trust lands located at or in the vicinity of Indian Canyon Ranch of Indian Canyon, San Benito County, Hollister, California.

34.     That Defendant Machado be enjoined from accepting any donation in the name of the CIR, partaking in any CIR operations without written authorization.

35.     Any and all further relief as deemed appropriate by the Court.

36.     Attorney fees and costs.

Dated:  May 11, 2022                              Respectfully submitted,

                                                  Robert M. DEWITTY

                                                  DeWitty and Associates

                                                  700 12th Street,
                                                  Washington, D.C. 20005
                                                  T:  866 559 9183
                                                  F:  202 513 8071
                                                  E:  admin@dewittyip.com
                                                  Attorney for Plaintiffs